```
                        UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF FLORIDA

                        CASE NO. 15-60029-Civ-COOKE
                        MAGISTRATE JUDGE P.A. WHITE

JOHNNIE LEE SCOTT, JR.      :

     Plaintiff,             :
                                          PRELIMINARY
v.                          :              REPORT OF
                                       MAGISTRATE JUDGE
STATE OF FLORIDA, et. al,   :

     Defendants.            :
_____
```

I.  Introduction

The plaintiff, Johnnie Lee Scott, Jr., now confined at Broward County Jail, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 for damages and other relief. (DE#1).

He previously filed a motion to proceed in forma pauperis, which was granted by court order without requiring that plaintiff prepay the filing fee, but establishing a $350.00 debt. (DE#4, 5). Because plaintiff is a prisoner seeking redress against governmental entities, employees, or officers, his complaint is subject to screening under 28 U.S.C. §1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. See 28 U.S.C. §1915A; Thompson v. Hicks, 213 Fed.Appx. 939, 942 (11th Cir. 2007)(per curiam).

Moreover, pleadings drafted by pro se litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(per curiam), but the Court may review plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. §1915A.

This Cause is presently before the Court for initial screening of the complaint pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding *in forma pauperis*.

## II. Standard of Review

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings *in Forma Pauperis*
>
> \* \* \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> \* \* \*
>
> (B) the action or appeal –
>
> \* \* \*
>
> (I)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

Because plaintiff is currently confined in prison and has sought and been granted leave to proceed *in forma pauperis*, the Prison Litigation Reform Act requires that the court review all complaints against governmental officers and entities to determine whether the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against

2

a defendant who is immune from such relief. See 28 U.S.C. §1915(A)(a), (b)(1), (b)(2).

In essence, §1915(A) is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing the complaint, the court views all allegations as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Complaints that lack any arguable basis in law or fact, nonetheless, may be dismissed. Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," Id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).

Dismissals for failure to state a claim are governed by the same standard as Fed.R.Civ.P. 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Fed.R.Civ.P. 12(b)(6)"). Thus, a court may dismiss a complaint if the facts as pleaded do not state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1968-69, 167 L.Ed.2d 929 (2007)(abrogating Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Additionally, the court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir.2001).

In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under

the Constitution or laws of the United States.  <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11th Cir. 1998).

<u>Pro se</u> complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1979)(<u>quoting</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. <u>Davis v. Monroe County Bd. Of Educ.</u>, 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief. <u>Id.</u>  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct

occurred.[1]

### III. Facts Set Forth in the Complaint

The plaintiff names as defendants the Broward County State Attorney's Office and the Florida Department of Children and Family. (DE# 1).

The plaintiff's complaint is a lengthy recitation of convoluted facts. It appears that the plaintiff is alleging that he was falsely arrested for various charges, which he does not adequately explain, and the Broward County State Attorney's Office made these charges public. As a result, his children were bullied, and did not get adequate relief from school officials. He also provides confusing details challenging his arrest and charges. For example, he complains about the state attorney's failure to provide him with discovery prior to his trial. A search of the public database maintained by the Broward County Sheriff's Officer reveals he was charged with aggravated assault with a firearm and exhibition on school property; his trial is pending. See (Broward County Sheriff's Office, Arrest Search: Reginald Chatman).

In Scott v. Ft. Lauderdale Police Department, 14-CV-61721-Dimitrouleas, Scott sued the Ft. Lauderdale PD, the Broward County School Board, the Florida Department of Justice, and the Florida Department of Law Enforcement because of the impact to himself and his family from the gun charges wrongly filed against him in Broward County case no. 13000829CF10A. The undersigned construed the complaint as a challenge to the constitutionality of Scott's detention and determined the complaint was barred by Heck v.

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Humphrey, 512 U.S. 477 (1994). The District Court adopted the report and dismissed the complaint.

## IV. Analysis

A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 290, 166 L.Ed.2d 798 (2007). "Section 1983 creates no substantive rights; it merely provides a remedy for deprivations of federal statutory and constitutional rights." Almand v. DeKalb County, Ga., 103 F.3d 1510, 1512 (11th Cir. 1997)(citation omitted). Further, §1983 is not meant to replace state tort law, it is only meant to provide a remedy for violations of federally protected rights. Id. at 1513 (citing Baker v. McCollan, 443 U.S. 137, 145-146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979)). A successful §1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." See Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001).

As previously noted, to state a viable claim for relief in a 42 U.S.C. §1983 action, the conduct complained of must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution. American Manufacturers Mutual Ins. Co. v. Sullivan, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); Willis v. University Health Serv's, Inc., 993 F.2d 837, 840 (11th Cir. 1993).

*A. Malicious Prosecution*

The plaintiff takes issue with the criminal charges filed against him by the State Attorney's Office. To establish a §1983 claim for malicious prosecution, the plaintiff must prove both the elements required under state law for a common law tort of malicious prosecution, and violation of his Fourth Amendment right to be free from unreasonable seizures. Kingsland v. City of Miami, 382, F.3d 1220, 1234 (11th Cir. 2004); Wood v. Kesler, 323 F.3d 872, 881 (11th Cir.), cert. denied, 540 U.S. 879 (2003) (citing Uboh v. Reno, 141 F.3d 1000, 1002-04 (11th Cir. 1998); Whiting v. Traylor, 85 F.3d 581, 584-86 (11th Cir. 1996); and Kelly v. Curtis, 21 F.3d 1544, 1553-55 (11th Cir. 1994)). As for the elements of a tort under Florida law, the plaintiff must establish each of six elements to support a claim of malicious prosecution: (1) institution of an original judicial proceeding against the plaintiff; (2) the defendant was the legal cause of the original proceeding; (3) termination of the proceeding in favor of the accused/plaintiff; (4) absence of probable cause for the proceeding; (5) malice on the part of the defendant; and (6) the plaintiff suffered damages as a result of the original proceeding. See Kingsland v. City of Miami, 382, F.3d 1220, 1234 (11th Cir. 2004) (citing Durkin v. Davis, 814 So.2d 1246, 1248 (Fla. 2d Dist. 2002)).

Plaintiff has not demonstrated that the charges were reversed or remanded in his favor, and therefore he has not sufficiently stated a claim for malicious prosecution. In fact, the plaintiff has not yet been convicted of the charges about which he complains. It is recommended that this claim be dismissed.

*B. False Arrest*

The plaintiff appears to be arguing his was falsely arrested.

7

A warrantless arrest without probable cause violates the Fourth Amendment and can form the basis for a §1983 claim. Rodriguez v. Farrell, 280 F.3d 1341, 1345 (11th Cir. 2002). However, if probable cause existed for an arrest, then the Fourth Amendment was not violated. Jordan v. Mosley, 487 F.3d 1350, 1355 (11th Cir. 2007). Probable cause exists when "the facts and circumstances within the officers' knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Id. at 1355 (internal quotation and citation omitted). The plaintiff fails to provide any specific information surrounding his arrest, and does not even assert that the charges were dropped. In fact, the trial which resulted from the arrest is pending. This fails to state a claim of false arrest.

### C. Office of the State Attorney

Plaintiff's claims for damages for any acts that State Attorney and/or the State Attorney's assistants committed within the scope of official duties are subject to dismissal, because the state prosecutor and his assistants are absolutely immune from a §1983 suit for damages. Imbler v. Pachtman, 424 U.S. 409 (1976).

### D. Heck-barred

Because Scott is a pretrial detainee and his state criminal proceedings are still in progress, this Court is prohibited from interfering therein. See Younger v. Harris, 401 U.S. 37 (1971). Under Younger and its progeny, federal courts must abstain from interfering with ongoing state criminal proceedings absent extraordinary circumstances. See Arkebauer v. Kiley, 985 F.2d

8

1351, 1357 (7th Cir. 1993).  Resolving the apparent Section 1983 claims would significantly interfere with pending state criminal proceedings, and there are no allegations that any extraordinary circumstances exist for interfering with the state case.

Further, claims which challenge the constitutionality of current detention are not cognizable in a civil rights case; a habeas corpus action (following the exhaustion of state remedies) is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement, including pre-trial confinement.  Preiser v. Rodriquez, 411 U.S. 475, 488-490 (1973).

Moreover, if a prisoner or detainee brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994).  Heck applies to suits filed by pretrial detainees. Alvarez-Machain v. United States, 107 F.3d 696, 700-01 (9th Cir. 1996); Hamilton v. Lyons, 74 F.3d 99, 102-03 (5th Cir. 1996).

Because Scott's detention has not been remedied by any of the procedures listed in Heck, his claims are premature and thus not cognizable under §1983 at this time.

## V.  Recommendation

Based on the foregoing, it is recommended that the complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted and that the case

be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Dated this 26th day of February, 2015.

_____
UNITED STATES MAGISTRATE JUDGE


cc:   Johnnie Lee Scott, Jr., Pro Se
      DC # 571401855
      Broward County Jail-NBB
      North Broward Bureau
      Inmate Mail/Parcels
      Post Office Box 407037
      Ft. Lauderdale, FL 33340